IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| John Fisher, III, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-111 |
| Iron Horse Mechanical & Plumbing Services, LLC (a/k/a Iron Horse Plumbing), | § § § § | FLSA Collective Action<br><br>Jury Trial Requested |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff John Fisher, III ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Iron Horse Mechanical & Plumbing Services, LLC (a/k/a Iron Horse Plumbing) ("Defendant"), showing in support as follows:

**I.   NATURE OF THE CASE**

1. This is a civil action brought by Plaintiff, on behalf of himself and all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek.

2. Plaintiff was employed by Defendant as an hourly paid plumbing technician.

3. Plaintiff reported to work at Defendant's shop in Stephenville, Texas in a typical workday where he obtained the employer's vehicle, loaded the vehicle with supplies, tools, and/or equipment needed for the workday, prepared for the workday, and then drove to the first customer's location for that workday. The employer generally counted the time after reporting to the shop and driving to the first customer's location as hours worked.

4.     When Plaintiff finished services at the last customer's location during a given workday, he then typically drove Defendant's vehicle back to the shop in Stephenville, Texas, unloaded the vehicle, prepared and/or finalized daily data amd/paperwork, performed other work, and concluded his workday. However, Defendant did not count that drive time from the last customer's location to Defendant's shop and work at the shop as compensable time (the "unpaid end of day work.")

5.     Plaintiff routinely worked 40 or more hours per seven-day workweek. Since Defendant did not count the unpaid end of day work as compensable time, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek in violation of the FLSA.

6.     Defendant employed and continues to employ numerous employees who are similarly situated to Plaintiff, and like Plaintiff, were not paid all overtime wages owed due to Defendant's practice, plan, and/or policy relative to unpaid end of day work.

7.     Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available under the FLSA including back overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

A.   **Plaintiff John Fisher, III**

8.     Plaintiff is a natural person who resides in Erath County, Texas. He has standing to file this lawsuit.

9.     Plaintiff was employed by Defendant from approximately December 15, 2015, to approximately January 3, 2022.

10. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

B. **Putative Collective Action Members**

11. The putative collective action members are all current and/or former employees of Defendant who work(ed) as hourly paid plumbing technicians, and like Plaintiff, routinely work/worked 40 or more hours per seven-day workweek but are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's unpaid end of day work practice, plan, and/or policy.

12. Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per seven-day workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

13. The relevant time period for the claims of Plaintiff and the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

14. Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

C. **Defendant Iron Horse Mechanical & Plumbing Services, LLC (a/k/a Iron Horse Plumbing)**

15. Defendant is a domestic limited liability company.

16. Defendant's principal place of business is at 403 East Washington Street, Stephenville, Texas 76401.

17. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

18. At all times relevant to this lawsuit, Defendant employed two or more employees.

19. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

20. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include tools (such as wrenches, shovels, saws, and other hand tools) plumbing materials (such as pipe, connections, primer, and cement), phones, vehicles, and fuel.

21. On information and belief, at times relevant, Defendant has had annual gross sales or business volume in excess of $500,000.

22. Defendant may be served with summons through its registered agent, Shawn Chaviers, 403 East Washington Street, Stephenville, Texas 76401.

**D.     Jurisdiction and Venue**

23. Plaintiff incorporates the preceding paragraphs and the factual background section below by reference as if set forth fully in this section.

24. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

25. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

26. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

27. Venue is proper in this Court because Defendant's principal place of business is located in the Fort Worth Division of the United States District Court for the Northern District of Texas.

### III.   FACTUAL BACKGROUND

28. Defendant is a plumbing business that provides new plumbing installation, plumbing repairs, and other plumbing related work and services for both commercial and residential customers.

29. Defendant provides its plumbing business operations in and around the following Texas counties - Erath, Eastland, Hamilton, Hood, Palo Pinto, Parker, and Tarrant.

30. Defendant employs many hourly paid plumbing technician workers in connection with its business operations.

31. Plaintiff was employed by Defendant from approximately December 15, 2015, to approximately January 3, 2022.

32. Defendant employed Plaintiff as a plumbing technician in connection with its plumbing business operations.

33. As a plumbing technician for Defendant, Plaintiff primarily performed work that was manual labor in nature.

34. Defendant paid Plaintiff on an hourly basis.

35. Plaintiff's hourly rate of pay at the end of his employment with Defendant was approximately $25.00 per hour.

36. Plaintiff reported to work at Defendant's shop in Stephenville, Texas in a typical workday where he obtained the employer's vehicle, loaded the vehicle with supplies, tools, and/or

equipment needed for the workday, prepared for the workday, and then drove to the first customer's location for that workday. The employer counted the time after reporting to the shop and driving to the first customer's location as hours worked.

37. When Plaintiff finished services at the last customer's location during a given workday, he then typically drove Defendant's vehicle back to the shop in Stephenville, Texas, unloaded the vehicle, prepared and/or finalized daily data and/paperwork, and performed other work. However, Defendant did not count the drive time from the last customer's location to the shop and work at Defendant's shop as compensable time.

38. Plaintiff, on behalf of himself and all others similarly situated, *does not* contend that drive time from home to Defendant's shop before the beginning of the FLSA workday and drive time, after ending the FLSA workday, from Defendant's shop back home is compensable time under the FLSA.

39. Plaintiff routinely worked 40 or more hours per workweek for Defendant. While Defendant did pay Plaintiff some overtime premium pay for overtime hours that were counted as time worked by Defendant, Defendant did not pay Plaintiff all overtime wages owed due to the unpaid end of day work practice, plan, and/or policy.

40. Since Defendant did not count that unpaid end of day work as compensable time, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek in violation of the FLSA.

41. Defendant employed and employs numerous other plumbing technicians who, like Plaintiff, are/were paid on an hourly basis, perform(ed) substantially similar job duties as Plaintiff for Defendant's customers, start(ed) and end(ed) their FLSA workdays at Defendant's shop like Plaintiff, are/were subject to Defendant's unpaid end of day work practice, plan, and/or policy,

routinely work(ed) 40 or more hours per seven-day workweek, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for each and every hour worked over 40 per seven-day workweek due to Defendant's unpaid end of day work practice, plan, and/or policy.

### IV. CONTROLLING LEGAL RULES

42. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

43. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

44. "Under the [FLSA's] continuous workday rule, the workday is generally defined as the period between the commencement and completion on the same workday of an employee's principal activity or activities." *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 422 (5th Cir. 2011) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29, 126 S. Ct. 514, 521 (2005)). *See also*, 29 C.F.R. § 790.6 ("Periods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked [with the exception of bona fide meal breaks].").

45. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (*citing Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is

working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

46. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

47. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

48. "An employer may not withhold or divert any part of an employee's wages unless the employer: (1) is ordered to do so by a court of competent jurisdiction; (2) is authorized to do so by state or federal law; or (3) has written authorization from the employee to deduct part of the wages for a lawful purpose." Tex. Lab. Code § 61.018.

49. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

50. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also, Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

51. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

52. "Any employer who violates the provisions of [29 U.S.C. § 207] … shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## V.     PLAINTIFF'S CLAIMS

53. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

54. Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

55. The putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

56. At all times relevant to this lawsuit, Defendant is and/or has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

57. At all times relevant to this lawsuit, Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

58. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to his employment with Defendant.

59. The putative collective action members are/were covered employees under 29 U.S.C. § 207(a)(1) relative to their respective employment with Defendant.

60. Defendant did not maintain an accurate number of the daily and weekly hours worked by Plaintiff. 29 C.F.R. § 516.2(a)(7).

61. Defendant does not and did not maintain an accurate number of the respective daily and weekly hours worked by the putative collective action members. 29 C.F.R. § 516.2(a)(7).

62. Where the employer does not keep an accurate record of the daily and weekly hours worked by an employee as required by the FLSA, the employee may prove their unpaid overtime hours and damages "as a matter of just and reasonable inference." *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 801 (N.D. Tex. 2015), *aff'd sub nom. Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016).

63. Plaintiff routinely worked in excess of 40 hours per seven-day workweek. However, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek due to its unpaid end of day work practice, plan, and/or policy.

64. Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

65. The respective putative collective action members routinely work(ed) in excess of 40 hours per seven-day workweek. However, Defendant does not and did not pay the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek due to its unpaid end of day work practice, plan, and/or policy.

66. Defendant's failure to pay the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

67. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek relative to the unpaid end of day work practice, plan, and/or policy. Defendant's owner, officer, and/or LLC member Mr. Shawn Chaviers was aware that Plaintiff and the putative collective action members are not/were not paid for travel time from the last customer's location to Defendant's shop and are not/were not paid for work performed at the shop thereafter. Defendant was aware that Plaintiff and the putative collective action members were respectively working 40 or more hours per seven-day workweek exclusive of the unpaid end of day work. Accordingly, Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members are/were working overtime hours for which they are not/were not respectively paid all FLSA overtime wage compensation owed. Defendant also failed to keep an accurate record of the daily and weekly hours worked by Plaintiff and the putative collective action members relative to the unpaid end of day work practice, plan, and/or policy which is further evidence of a willful violation of the FLSA. *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002) ("Although the FLSA does not permit an employee to bring a private action for recordkeeping violations, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime."); *Pye v. Oil States Energy Servs.*, LLC, 233 F. Supp. 3d 541,

565 (W.D. Tex. 2017) (same); *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 U.S. Dist. LEXIS 85722, at *13 (E.D. La. June 23, 2014) (same).

68. Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available for Defendant's failure to timely pay all FLSA overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

69. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also, Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

70. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former employees of Defendant who work(ed) as hourly paid plumbing technicians, and like Plaintiff, routinely work/worked 40 or more hours per seven-day workweek, but are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's unpaid end of day work practice, plan, and/or policy.

71. Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per seven-day workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

72. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

73. Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

## VII. JURY TRIAL DEMAND

74. Plaintiff demands a trial by jury.

## VIII. DAMAGES AND PRAYER

75. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded judgment(s) against Defendant and/or order(s) from the Court for the following:

   a. An Order certifying the FLSA overtime wage claims in this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

   b. All damages allowed by the FLSA, including unpaid overtime wages,

   c. Liquidated damages in an amount equal to FLSA unpaid overtime wages,

   d. Legal fees,

   e. Costs,

   f. Post-judgment interest,

   g. All other relief to which Plaintiff and/or the Collective Action Members is/are justly entitled.

Date: February 14, 2022.

Respectfully submitted,

By:   s/ Allen R. Vaught
      Allen R. Vaught
      Attorney-In-Charge
      TX Bar No. 24004966
      Vaught Firm, LLC
      1910 Pacific Ave., Suite 9150
      Dallas, Texas 75201

*Plaintiff's Original Complaint – Page* 13

(972) 707-7816 – Telephone<br>
(972) 591-4564 – Facsimile<br>
avaught@txlaborlaw.com

Attorney For Plaintiff